| IN RE: | Case No.: | 11-31178-BJH-11 |
|--------|-----------|------------------|

**MAJESTIC GROUP, L.L.C.**
20-3955507
368 National Drive
Rockwall, TX 75032

Chapter 11

**Debtor(s).**

## DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING
## THE INTERIM AND FINAL USE OF CASH COLLATERAL

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

**COMES NOW**, MAJESTIC GROUP, L.L.C., Debtor and Debtor in possession in the above-styled and numbered case (the "Debtor"), and files this *Debtor's Emergency Motion for Order Authorizing the Interim Use of Cash Collateral* by and through the undersigned attorney. The Debtor requests the entry of an interim order substantially in the form attached hereto as Exhibit "A" (the "interim Order") and a final order (the "Final Order", and in conjunction with the Interim Order, the "Cash Collateral Orders"), pursuant to 11 U.S.C. §§ 105, 361, and 363 and Federal Rules of Bankruptcy Procedure 4001 and 9014: (a) authorizing the Debtor to use the cash collateral of the Secured Lender (defined *infra*) and granting adequate protection thereto; and (b) prescribing the form and manner of notice and setting the time for the final hearing on this Motion (the "Final Hearing"). The facts and circumstances supporting this Motion are set forth in the Affidavit of David R. Clark (the "Clark Affidavit"), filed concurrently herewith. In support thereof the Debtor respectfully shows the Court as follows:

### I.     JURISDICTION

1.      The Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. §1334(b) and the standing order of reference of the District Court. This matter is a core proceeding.  28 U.S.C. §§ 157(b)(1), (b)(2)(M).

2.      Venue in this Court is proper under 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 105, 361 and 363 of title 11 of United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## II.      BACKGROUND

### A.      Procedural History

4.      This case was commenced by the filing of a voluntary petition under Chapter 11 of the United States Bankruptcy Code on February 23, 2011 (the "Petition Date").

5.      No trustee or examiner has been appointed, and no official committee of creditors has yet been established.

### B.      Business History and Operations

6.      Debtor is the surviving entity resultant from a merger by and between Texoma Plant & Tree Farms, L.L.C., an Oklahoma limited liability company ("TP&TF") and Texoma Turf Farms, L.L.C., an Oklahoma limited liability company ("Texoma Turf Farm").

7.      TP&TF and Texoma Turf Farm were merged on February 22, 2011. Contemporaneously, the legal name of the surviving entity was changed to Majestic Group, L.L.C.

8.      The Plan of Merger by and between TP&TF and Texoma Turf Farm further provides that its members are David R. Clark and Richard Todd Killion, whose membership

interests in the Debtor are 80% and 20% respectively.

9.     Texoma Turf Farm, prior to the merger, operated a 300 acre sod farm from which it grew and harvested for resale, Bermuda Grass. Texoma Turf Farm would market and resell its crop throughout north Texas to various landscape companies, homeowners and governmental entities.

10.     TP&TF, prior to the merger, occupies a 200 acre facility from which it grew for resale hardwood and softwood landscape trees, as well as a number of ornamental trees. The 200 acre facility also serves as a source for water, employee housing and offices. In addition to the trees, TP&TF grew a variety of woody plants and shrubs, which plants and shrubs are also sold throughout north Texas.

11.     The Debtor continues to operate and manage both the tree and sod farm (the "Farm"), which Farm is located in Colbert, Oklahoma, with its principal office located in Rockwall, Texas.

## C.    Secured Lenders

12.     In accord with Bankruptcy Rule 4001(b)(1)(B)(i) and (iii), the Debtor's secured obligations include the following creditors:

| LENDER | COLLATERAL (Personalty) |
|---|---|
| Landmark Bank, N.A.<br>Durant Banking Center<br>900 West Main<br>P.O. Box 1730<br>Durant, OK 74702 | Inventory, Accounts, General Intangibles, Equipment, Books and Records, and the products, proceeds and accessions relative thereto |
| UCC-1 Filed:     Multiple<br><br>April 9, 2007; May 15, 2007; May 30, 2007; April 10, 2008 | |
| **Loan Number:**     **20024908** | |
| Original Loan Amount:     $363,171.15 | |

| | |
|---|---|
| Date of Loan: | April 9, 2008 |
| Borrower: | TP&TF |
| **Loan Number:** | **20023407** |
| Original Loan Amount: | $500,000.00 LOC |
| Date of Loan: | May 14, 2007 |
| Borrower: | TP&TF |

| | |
|---|---|
| Landmark Bank, N.A.<br>Durant Banking Center<br>900 West Main<br>P.O. Box 1730<br>Durant, OK 74702 | Inventory, Accounts, General Intangibles, Equipment, Books and Records, and the products, proceeds and accessions relative thereto |
| UCC-1 Filed: February 2, 2007 | |
| **Loan Number:** **20014508** | |
| Original Loan Amount: $250,170.00 | |
| Date of Loan: March 17, 2008 | |
| Borrower: Texoma Turf Farms | |
| **Loan Number:** **20014308** | |
| Original Loan Amount: $397,840.00 | |
| Date of Loan: March 17, 2008 | |
| Borrower: Texoma Turf Farms | |

| | |
|---|---|
| Farm Credit of Central Oklahoma, PCA<br>P.O. Box 910<br>Anadaro, OK 73005 | Fixture Filing and Equipment |
| UCC-1 filed: January 4, 2006 | |
| Original Loan Amount: $1,067,000.00 | |
| Borrower: Texoma Turf Farms | |

| | |
|---|---|
| Susquehanna Patriot Commercial Leasing<br>1566 Medical Drive, Suite 201<br>Pottstown, PA 19464 | Equipment |
| UCC-1 filed: September 15, 2006 | |
| Original Loan Amount: | |
| Borrower: Texoma Turf Farms | |

| | |
|---|---|
| Puget Sound Leasing Co., Inc.<br>P.O. Box 1295<br>Issaquah, WA 98027 | Equipment |
| UCC-1 filed: June 26, 2007 | |
| Original Loan Amount: | |
| Borrower: Texoma Turf Farms | |

| **LENDER** | **COLLATERAL (Real Property)** |
|---|---|
| Farm Credit of Central Oklahoma, PCA | 300 acres located in Colbert, OK |

| | |
|---|---|
| P.O. Box 910 Anadaro, OK 73005 | |
| Original Loan Amount: $1,067,000.00 | |
| | |
| Jerry & Nancy Standifer 475 Indian Trail Hendrix, OK 74741 | 300 acres located in Colbert, OK – 2nd Lien |
| Original Loan Amount: $350,000.00 | |
| | |
| Jerry & Nancy Standifer 475 Indian Trail Hendrix, OK 74741 | 200 acres located in Colbert, OK |
| Original Loan Amount: $350,000.00 | |
| | |

13.     Landmark Bank, N.A. (the "Secured Lender") appears to have a properly perfected security interest in the above described collateral.  Moreover, all four (4) obligations due and owing to the Secured Lender by the Debtor are cross-collateralized.

14.     The Debtor's obligations to Secured Lender are also personally guaranteed by: (i) David R. Clark; (ii) Richard Todd Killian; and (iii) Elite Landscapes, Inc.

15.     Secured Lender, on November 9, 2010, filed a lawsuit against TP&TF and Texoma Turf Farm, in which it sought preliminary injunctive relief.  On February 17, 2011, a Temporary Restraining Order was entered in favor of Secured Lender and against both TP&TF and Texoma Turf Farm, and their respective agents.

16.     In addition to Secured Lender, the Debtor has two other significant creditors with liens on the Debtor's real property.  As indicated *supra*, Farm Credit of Central Oklahoma has a 1st lien on 300 acres located in Colbert, OK.  That same property is subject to a 2nd lien in favor of Jerry and Nancy Standifer (the "Standifers").   The Standifers also have a 1st lien on the above referenced 200 acres also located in Colbert, OK.

### III.     RELIEF REQUESTED

17.     By this Motion and pursuant to 11 U.S.C. §§ 105, 361 and 363 of the Bankruptcy Code and Bankruptcy Rules 4001 and 9014, the Debtor requests that the Court grant the following relief:

      a.     Authorize the Debtor, **on an interim basis**, pursuant to section 363(c) of the Bankruptcy Code, to use proceeds of assets on which Secured Lender asserts a first priority lien and security interest (the "Cash Collateral")[1] in accord with the budget attached hereto as Exhibit "B" and incorporated herein by this reference (the "Budget");

      b.     Authorize the Debtor, **on an interim basis**, pursuant to sections 361 and 363 of the Bankruptcy Code, or provide the adequate protection described herein to the Secured Lender as regards any diminution in value of the Secured Lender's interest in the Prepetition Collateral, whether from the use of Cash Collateral or the use, sale lease, depreciation, decline in value, or otherwise of said collateral;

      c.     Schedule the Final Hearing pursuant to Bankruptcy Rule 4001 no later than fourteen (14) days after the entry of the Interim Order, to consider the entry of a Final Order authorizing the use of Cash Collateral and approving the notice procedures relative thereto;

      d.     Authorize the Debtor, **on a final basis**, pursuant to 363(c) of the Bankruptcy Code, to use the Cash Collateral in accord with the Budget and any supplemental budgets as approved by the Court after further notice and hearing; and

      e.     Authorize the Debtor, **on a final basis**, pursuant to sections 361 and 363 of the Bankruptcy Code to provide the adequate protection described herein to the Secured Lender as regards any diminution in value of the Secured Lender's interest in the Prepetition Collateral, whether from the use of Cash Collateral or the use, sale lease, depreciation, decline in value, or otherwise of said collateral.

### IV.     BASIS FOR RELIEF

#### A.     Immediate Need for Use of Cash Collateral

18.     The Debtor has an immediate need for the use of Cash Collateral pending a final

---

[1] The Debtor does not hereby admit or consent to the validity, priority, extent or enforceability of the liens asserted by Secured Lender and hereby reserves all rights with respect thereto.

hearing on this Motion.  Accordingly, the Debtor seeks to use Cash Collateral existing on or after the Petition Date that may be subject to the Secured Lender's interest in the Prepetition Collateral.  As of the Petition Date, the Debtor lacks sufficient unencumbered cash to fund its business operation.

19.	Absent the ability to use Cash Collateral, the Debtor will not be able to pay wages, insurance expenses, utility charges and other critical operating expenses related to the operation of the Tree Farm.  Consequently, without access to cash collateral, the Debtor will no longer be able to maintain its business operation and continue its restructuring efforts.  In short, the Debtor's bankruptcy estate would be irreparably and immediately harmed.

20.	The Debtor cannot obtain funds sufficient to administer the bankruptcy estate and operate the business other than by obtaining the relief requested herein pursuant to section 363 of the Bankruptcy Code.

21.	The Debtor has formulated a budget for the use of Cash Collateral from the Petition Date through two weeks thereafter (the "Budget").  The Debtor believes that the Budget includes all reasonable, necessary and foreseeable expenses to be incurred in the ordinary course of business during the subject time period.  The use of Cash Collateral by the Debtor during this interim period will provide the Debtor with the ability to pay administrative expenses as they become due and payable during the period covered by the Budget.

22.	The Debtor's right to use Cash Collateral under the terms of the Interim Order will commence on the date of the entry of the Interim Order and expire on the earlier of:  (a) the entry of a subsequent interim order; or (b) the entry of the Final Order.

**B.	Adequate Protection**

23. In consideration for the interim use of cash collateral, and as adequate protection for any diminution of the interest of the Secured Lender in the Prepetition Collateral, the Debtor hereby tenders, to the extent the Secured Lender may hold valid, perfected and unavoidable security interests in the Prepetition Collateral without any requirement to file any documents to perfect that interest, adequate protection in the following form:

> **The granting of postpetition security interests equivalent to a lien granted under sections 364(c)(2) and (3) of the Bankruptcy Code (the "Replacement Liens"), as applicable, in and upon the Debtor's real and personal property and the Cash Collateral, whether such property was acquired before or after the Petition Date.**

24. In addition to the Replacement Liens, the Secured Lender is adequately protected as a result of the continued business operations. But for the continued operation of the Debtor, it will be forced to liquidate its assets absent the added value provided by a going concern.

25. In summary, the Debtor submits that the Secured Lender is adequately protected by the proposed Replacement Liens and by the continued operation of the business as a going concern thereby preventing any diminution in the value of the Prepetition Collateral.

### C. Request for Final Hearing

26. Pursuant to Bankruptcy Rule 4001(b)(2), the Debtor requests that this Court set a date for the Final Hearing that is as soon as practicable, but in no event later than fourteen (14) days following the entry of the Interim Order, and the time and date prior to the Final hearing for parties to file objections to this Motion.

### V. BANKRUPTCY RULE 4001(B)

27.     The Debtor submits that the facts set forth in the Affidavit of David R. Clark in Support of First Day Motions filed contemporaneously herewith establish that "the relief requested herein is necessary to avoid immediate and irreparable harm" to the Debtor. Bankruptcy Rule 4001(b)(2).  Accordingly, Bankruptcy Rule 4001 is satisfied.

## VI.     NOTICE

28.     Bankruptcy Rules 4001 and 9014 generally require that any proceeding to use cash collateral be made only upon Motion and on notice to any other entity that has an interest in the Cash Collateral, the Committee that may be appointed under the Code, and such other entities as the Court may direct.

29.     Notice of this Motion has been given via email or facsimile transmission to: (1) the Office of the United States Trustee for the Eastern District of Texas; and (2) the Secured Lender as identified in the Mailing Matrix *infra*.  Each of the Debtor's unsecured creditors and any additional parties identified on the attached Mailing Matrix were served via US Mail.

WHEREFORE, PREMISES CONSIDERED, the Debtor respectfully requests that the Court enter an Interim Order on an emergency basis granting the relief requested herein, establishing a date and time for the Final Hearing, and providing for such other and further relief to which the Debtor may be justly entitled.

Respectfully submitted,

Dated:  February 24, 2011

*/s/ Robert T. DeMarco*
**DeMarco•Mitchell, PLLC**
Robert T. DeMarco, Texas Bar No. 24014543
**Email**    robert@demarcomitchell.com
Michael S. Mitchell, Texas Bar No. 00788065
**Email**    mike@demarcomitchell.com
1255 W. 15th Street, 805
Plano, TX 75075
**T**        972-578-1400
**F**        972-346-6791
***Proposed*** **Counsel for Debtor and Debtor in Possession**

## CERTIFICATE OF CONFERENCE

I certify that, prior to the filing of the Motion, I have discussed the relief requested herein request with counsel for the Office of the United States Trustee as well as counsel for Landmark Bank.  Neither the Office of the United States Trustee nor Landmark Bank has had an adequate opportunity to review the Motion and, as such, neither support nor object to the relief requested therein.

*/s/ Robert T. DeMarco*
**DeMarco•Mitchell, PLLC**
Robert T. DeMarco, Texas Bar No. 24014543
**Email**    robert@demarcomitchell.com
Michael S. Mitchell, Texas Bar No. 00788065
**Email**    mike@demarcomitchell.com
1255 W. 15th Street, 805
Plano, TX 75075
**T**        972-578-1400
**F**        972-346-6791

## CERTIFICATE OF SERVICE

The undersigned counsel herby certifies that true and correct copies of the foregoing pleading and all attachments were served upon all parties listed below in accordance with applicable rules of bankruptcy procedure on this 24th day of February, 2011.  Where possible,

service was made electronically via the Court's ECF noticing system or via facsimile transmission where a facsimile number is set forth below. Where such electronic service was not possible, service was made via regular first class mail.

| DEBTOR |
|---|

**Majestic Group, L.L.C.**
368 National Drive
Rockwall, TX 75032

| TRUSTEE |
|---|

**Office of the United States Trustee**
Earle Cabell Federal Building
1100 Commerce Street, Room 976
Dallas, TX 75242
FAX: **214-767-8971**

| SECURED LENDERS |
|---|

**Landmark Bank, N.A.**
c/o Mike Mordy
Mordy & Mordy, PC
110 West Main Street
P.O. Box 457
Ardmore, OK 73402
FAX: **580-226-0823**

**Farm Credit of Central Oklahoma, PCA**
P.O. Box 910
Anadaro, OK 73005
FAX: **405-247-3582**

**Susquehanna Patriot Commercial Leasing**
1566 Medical Drive, Suite 201
Pottstown, PA 19464
FAX: **800-786-0023**

**Dunhill Leasing, LLC**
900 Fourth Street, Suite 200
San Rafael, CA 94901
FAX: **415-257-4201**

**Equilease Financial Services**
50 Washington Street, 10th Floor
S. Norwalk, CT 06854
FAX: **203-354-3655**

**Jerry and Nancy Standifer**
475 Indian Trail
Hendrix, OK 74741

| PARTIES IN INTEREST / REQUESTING NOTICE |
|---|

NONE.

*/s/ Robert T. DeMarco*

**DeMarco•Mitchell, PLLC**
Robert T. DeMarco, Texas Bar No. 24014543
**Email**    robert@demarcomitchell.com
Michael S. Mitchell, Texas Bar No. 00788065
**Email**    mike@demarcomitchell.com
1255 W. 15th Street, 805
Plano, TX 75075
**T**        972-578-1400
**F**        972-346-6791

**EXHIBIT "A"**

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **IN RE:** | **Case No.:**     **11-31178-BJH-11** |
| **MAJESTIC GROUP, L.L.C.**<br>20-3955507<br>368 National Drive<br>Rockwall, TX 75032 | |
| | **Chapter 11** |
| **Debtor(s).** | |

**ORDER AUTHORIZING**
**THE INTERIM AND FINAL USE OF CASH COLLATERAL**

On this day came on for consideration the Debtor's Emergency Motion for Order

Authorizing the Interim and Final Use of Cash Collateral (the "Motion"). The Motion is made

pursuant to 11 U.S.C. §§ 105, 361 and 363 and Federal Rules of Bankruptcy Procedure 4001 and

9014: (a) authorizing the Debtor to use cash collateral of existing secured lenders and granting

adequate protection to existing secured lenders for the use of their cash collateral; and (b)

prescribing the form and manner of notice and setting the time for the final hearing (the "Final

Hearing") on the Motion.  Upon review of the Motion, the Affidavit of David R. Clark and based

upon the evidence presented to this Court at the interim hearing on the Motion (the "Interim

Hearing"), the Court hereby makes the following findings of fact and conclusions of law:

1.      This matter constitutes a "core proceeding" within the meaning of 28 U.S.C. §

157.

2.      This Court has jurisdiction over the parties and the subject matter of this

proceeding pursuant to 28 U.S.C. §§ 1334 and 157.

3.      The Debtor commenced the case *sub judice* on February 23, 2011 (the "Petition

Date") by the filing of a petition for relief under chapter 11 of the Bankruptcy Code.

4.      The Debtor continues in possession of its properties and continues to operate its

business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy

Code.

5.      Landmark Bank, N.A. ("Secured Lender") and the Debtor are party to four

separate promissory notes, each of which is cross-collateralized.

6.      The Secured Lender asserts that it is secured by first priority liens on and security

interests in substantially all the Debtor's personal property (collectively, the "Prepetition

Collateral") and the proceeds thereof (the "Cash Collateral").

7.      The Debtor owns and operates a relatively large tree farm in Oklahoma.

8.      Pursuant to sections 363(a) and 552(b) of the Bankruptcy Code, the Cash

Collateral held by the Debtor's may constitute "cash collateral" within the meaning of section

363(a) of the Bankruptcy Code.  The Secured Lender asserts that it has an interest in the Cash

Collateral within the meaning of sections 363(c)(2) and 363(e) of the Bankruptcy Code.

9.     The Debtor has an immediate need to use Cash Collateral on an interim basis to, among other things, fund payroll obligations and pay other operating expenses, in accordance with the budget attached hereto as Exhibit "A" and incorporated herein by this reference.

10.     Good cause has been shown for entry of this interim cash collateral order (the "Interim Order"), as an immediate and critical need exists for the Debtor to be permitted access to the Cash Collateral.

11.     Absent access to the Cash Collateral the Debtor's estate would be immediately and irreparably harmed.

12.     This Interim Order is entered into pursuant to, and in accord with sections 361 and 363 of the Bankruptcy Code and Bankruptcy Rule 4001(b).

**ACCORDINGLY, IT IS ORDERED THAT:**

1.     The Debtors are permitted to use Cash Collateral, in accord with the Budget, provided, that the Debtor may exceed any line item in the Budget by up to ten percent (10%). The Budget may be updated and modified through the date of the Final Hearing by: (a) consensual agreement of the Debtor and the Secured Lender; or (b) by further order of this Court.

2.     The Debtor's right to use Cash Collateral under the Interim Order shall commence on the date of entry of the Interim Order and expire on the earlier of:  (a) the entry of a subsequent interim cash collateral order; or (b) the entry of a Final Order.

3.     As adequate protection of the Secured Lender's interest, if any, in the Cash Collateral pursuant to sections 361 and 363(e) of the Bankruptcy Code to the extent of any diminution in value from the use of the Collateral the Court hereby grants the Secured Lender

replacement security liens on and replacement liens on all of the Debtor's real and personal property (the "Replacement Liens"), whether such property was acquired before or after the Petition Date.

4.      Such Replacement Liens are exclusive of any avoidance actions available to the Debtor's bankruptcy estate pursuant to sections 544, 545, 547, 548, 549, 550, 553(b) and 724(a) of the Bankruptcy Code and the proceeds thereof.

5.      Further, such Replacement Liens shall be equal to the aggregate diminution in value of the Collateral, if any, that occurs from and after the Petition Date.  The Replacement Liens shall be of the same validity and priority as the liens of the Secured Lender on the prepetition Collateral.

6.      The Secured Lender shall not be required to file or serve financing statements, notices of liens or similar interests which otherwise may be required under federal or state law in any jurisdiction, or take any action, including taking possession, to validate and perfect such Replacement Liens.

7.      The Replacements Liens shall be subject and subordinate to:  (a) professional fees and expenses of the attorneys, financial advisors and other professionals retained by the Debtors in the amounts set forth in the Budget and any supplemental budget approved by the Court and/or consented to by the Secured Lender; and (b) any and all fees payable to the United States Trustee pursuant to 28 U.S.C. § 1930(a)(6) and the Clerk of the Bankruptcy Court (collectively, the "Carve Out").

8.      This Interim Order is without prejudice to the rights of the Secured Lender or the Debtor as to any further order regarding the use of Cash Collateral as to the request for

payment of any other expenses incurred during the period covered by this Interim Order.

9.     This Interim Order is without prejudice to the rights of any party-in-interest, including the debtor, to contest the priority, validity and enforceability of the Secured Lender's liens and security interests in and to the prepetition Collateral.

10.     During the term of this Interim Order the Debtor shall comply with all terms and conditions of the loan documents executed by the Debtor and the Secured Lender, including but not limited to the reporting requirements set forth therein, except to the extent modified herein.

11.     The Final Hearing to consider the entry of a Final Order authorizing and approving the use of Cash Collateral is hereby scheduled for **February _____, 2011, at ____:____ __.m.**

12.     This Interim Order is and shall be fully effective upon its entry.


# # # END OF ORDER # # #



**ORDER SUBMITTED BY:**

*/s/ Robert T. DeMarco*
_____
**DeMarco•Mitchell, PLLC**
Robert T. DeMarco, Texas Bar No. 24014543
**Email**   robert@demarcomitchell.com
Michael S. Mitchell, Texas Bar No. 00788065
**Email**   mike@demarcomitchell.com
1255 W. 15th Street, 805
Plano, TX 75075
**T**       972-578-1400
**F**       972-346-6791
***Proposed* Counsel for Debtor and Debtor in Possession**

EXHIBIT "B"

**Budget for February 23 thru March 11,2011**

| | | |
|---|---|---|
| Labor | $ | 8,265.00 |
| Sub Contract | $ | 13,327.00 |
| Electric | $ | 3,000.00 |
| Fuel | $ | 10,500.00 |
| Tires | $ | 750.00 |
| Fertilizer | $ | - |
| Chemicals | $ | 3,500.00 |
| Parts | $ | 1,500.00 |
| Satellite | $ | - |
| Trash Service | $ | - |
| Insurance | $ | - |
| Office / Fax | $ | 150.00 |
| Office supplies | $ | 150.00 |
| Shop Supplies | $ | 250.00 |
| Blades for Harvester | $ | - |
| Water | $ | - |
| Professionals | $ | - |
| TOTAL | $ | 41,392.00 |

Label Matrix for local noticing
0539-3
Case 11-31178-bjh11
Northern District of Texas
Dallas
Thu Feb 24 10:42:49 CST 2011

1100 Commerce Street
Room 1254
Dallas, TX 75242-1305

AT & T Wireless
PO Box 650054
Dallas, TX 75265

Agri-Access
PO Box 64055
St. Paul, MN 55164-0055

Airgas
21 Waterway, 550
The Woodlands, TX 77380-3123

Attorney General of Texas
Bankruptcy Collection Division
PO Box 12548
Austin, TX 78711-2548

Attorney General of Texas
Child Support Enforcement Div.
1600 Pacific Ave. Suite 700
Dallas, TX 75201-3627

Attorney General of the United States
Main Justice Bldg., Room 5111
10th St. & Constitution Ave. NW
Washington, DC 20530-0001

BWI Companies, Inc.
1355 North Kings Hwy.
P.O. Box 990
Nash,  TX 75569-0990

Bailey Bark Materials
3366 FM 2259
Nacogdoches, TX 75961-8658

Bank of America
P.O. Box 15184
Wilmington, DE 19850-5184

Bond Mfg.
1666 Willow Pass Rd.
Bay Point, CA 94565-1702

CCS
PO Box 349
Fate, TX 75132-0349

CitiBank Credit Card
PO Box 183051
Columbus, OH 43218-3051

Colbert Hardware
104 Franklin St.
Colbert, OK 74733

(p)TEXAS COMPTROLLER OF PUBLIC ACCOUNTS
REVENUE ACCOUNTING DIV - BANKRUPTCY SECTION
PO BOX 13528
AUSTIN TX 78711-3528

Daimler-DCFS USA LLC
13650 Heritage Pkwy
Fort Worth, TX 76177-5323

Dallas County D.A.
District Attorney Check Department
Diversion Program
133 N. INdustrial Blvd., LB 19
Dallas, TX 75207-4300

Dunhill Leasing
900 Fourth St., Ste. 200
San Rafael, CA 94901-3104

El Dorado Chemical Co.
1309 Ridge Road
Suite 315
Rockwall, TX 75087-4243

Enlow Tractors, Inc.
7700 New Sapulpa Rd.
Tulsa, OK 74131-3271

Equilease
50 Washington St., Suite 1211
South Norwalk, CT 06854-2736

Estes
1925 W. John Carpenter Frwy
Suite 525
Irving, TX 75063-3209

Farm Credit of Central Oklahoma
PO Box 910
Anadarko, OK 73005-0910

Fleetmatics
4555 Mansell Road
Suite 300
Alpharetta, GA 30022-8279

Graham International, Inc.
5800 Texoma Pkwy.
Sherman, TX 75090-2134

Green Industries
PO Box 194
Italy, TX 76651-0194

Harrells
PO Box 807
Lakeland, FL 33802-0807

Haviland Plastics
PO Box 38
Haviland, OH 45851-0038

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

Jemasco
11808 FM 906 E
Paris, TX 75462-1016

Jerry and Nacy Standifer
475 Indian Trail
Hendrix, OK 74741-1923

Jimmies Auto Parts
916 North First
Durant, OK 74701-2802


John Deere Credit
6400 NW 86th St.
PO Box 6600
Johnston, IA 50131-6600

John Deere Landscape
544 S. Dallas Pkwy.
Prosper, TX 75078-8126

Knutson Irrigation Design
1525 W. Sunshine Road
Yukon, OK 73099


Landgraff Fertilizer
Rt. 3 Box 42A
Madill, OK 73446-8947

Landmark Bank, N.A.
CO Mordy & Mordy, PC
110 West Main St.
PO Box 457
Ardmore, OK 73402-0457

Liner Source, Inc.
21102 State Rd. 44
Eustis, FL 32736-5330


Majestic Group, LLC
368 National Drive
Rockwall, TX 75032-6555

N & N Auto Parts - NAPA
401 W. Crawford
Denison, TX 75020-4607

Reliance Fasteners of Denison
115 E. Gandy St.
Denison, TX 75021-3056


Remco
504 S. Denny
Howe, TX 75459-4607

Securities And Exchange Commission
175 W. Jackson Blvd., Suite 900
Chicago, IL 60604-2908

Securities and Exchange Commission
Corporate Regulation Division
100 F Street, NE
Washington, DC 20549-2000


Suncoast Resources
6922 Cavalcade
Houston, TX 77028-5802

Susquehanna Finance
1566 Medical Dr., Ste. 201
Pottstown, PA 19464-3229

Texas Sod Leasing, Inc.
PO Box 87
Bay City, TX 77404-0087


Texas Workforce Commission
101 East 15th Street
Austin, TX 78778-0001

Texas Workforce Commission
TEC Building Tax Dept.
101 E. 15th Street
Austin, TX 78778-0001

United States Attorney
1100 Commerce St. Rm. 300
Dallas, TX 75242-0397


Winnett Sod
4738 Winnett Rd.
Colbert, OK 74733-3233

Robert Thomas DeMarco
DeMarco-Mitchell, PLLC
1255 W. 15th St., Ste 805
Plano, TX 75075-7225

UST U.S. Trustee
1100 Commerce Street
Room 976
Dallas, TX 75242-1011


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Comptroller of Public Accounts
Revenue Accounting Div - Bankruptcy
PO Box 13528
Austin, TX 78711

Internal Revenue Service
1100 Commerce Street
Mail Code 5020 DAL
Dallas, TX 75242

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(d)Internal Revenue Service          End of Label Matrix
Centralized Insolvency Operations    Mailable recipients    53
PO Box 7346                          Bypassed recipients     1
Philadelphia, PA 19101-7346          Total                  54
```